## Finnaren Estate

*Joseph K. Fornance* and *Edwin S. Heins*, for accountants.

TAXIS, P. J., May 22, 1962.—The first account of Charles J. Finnaren and Joseph A. Finnaren, Jr., surviving trustees under deed dated March 10, 1955, was examined and audited by the court on February 3, 1961, and continued audit held on April 6, 1962. . .

In the ninth item of the deed of trust, settlor provided as follows:

"*Taxes*: If any inheritance, succession or estate taxes, or taxes in the nature thereof, should become payable at any time, by reason of the death of Settlor, upon the principal of this Trust or upon the interests in this trust of any of the beneficiaries, Settlor directs that all such taxes shall be paid out of the general principal of this Trust and all such interests shall be free and clear of all such taxes. Settlor further directs that all such taxes on present or future interests shall be paid at such time as Trustees, in their sole opinion, shall deem advisable, whether or not such taxes shall then be due or payable."

In the fifth item of his will, settlor provided, as follows:

"I direct that all transfer inheritance taxes, estate taxes or any other taxes becoming due by reason of my death, whether as to property passing under this my Will or otherwise, shall be paid out of my general residuary estate as though the same were debts of administration, at such time or times and upon such estates or estate as my Executors may deem best."

The accountants take the position that any Federal estate tax due in connection with the assets of the trust should be paid by them from such assets as trustees under the deed of trust. However, there is some question whether the fifth item of the will supersedes and annuls the ninth item of the deed of trust.

The deed of trust is dated March 10, 1955; the will is dated June 17, 1957. Settlor died November 26, 1959. The accountants give the following reasons for their position: (1) the deed is irrevocable; (2) the fiduciaries appointed by the will are not the same fiduciaries appointed by the deed of trust although at the present time the acting fiduciaries are the same; (3) settlor intended that the assets of the trust be subject to tax.

The decisive factor is the irrevocability of the trust. The tax exoneration clause in settlor's will cannot operate to relieve the principal of this trust from payment of all inheritance, succession and estate taxes, which have been or may be assessed in relation to this trust (Workman Trust, 14 D. & C. 2d 792), and I hereby direct that such taxes be paid from the balance of principal for distribution as shown by the present account, and that such payment be reflected in the schedule of distribution which is hereinafter directed to be prepared. . .

And now, May 22, 1962, this adjudication is confirmed nisi.